IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

TERRY M. STEELE,

        Plaintiff,

v.

GENUINE PARTS COMPANY d/b/a
NAPA AUTO PARTS,

        Defendant.

Civil Action No.:  3:21-cv-00643
Judge:

## COMPLAINT

COMES NOW, the plaintiff, Terry Steele, and for his Complaint against the defendant, alleges and avers as follows:

### PARTIES

1.    The plaintiff, Terry M. Steele, at all relevant times herein, is and was a citizen and resident of Huntington, Wayne County, West Virginia.

2.    The defendant, Genuine Parts Company d/b/a Napa Auto Parts (hereinafter "Napa") is a Georgia corporation with its principal place of business in Atlanta, Georgia. Defendant Napa is authorized to do business in the state of West Virginia and in Cabell County, West Virginia, as it operates Napa stores in Huntington, West Virginia. Defendant Napa is an equipment and automotive replacement parts company. At all times relevant herein, defendant Napa was engaged in the business of assembling and providing heavy equipment and automotive parts and services to plaintiff Terry M. Steele's employer, City of Huntington, in Cabell County, West Virginia. As such, defendant is, and at all times relevant herein was, regulated by the Occupational Safety & Health Administration ("OSHA"), as well as commonly accepted and well-known safety standards within the industry and business of defendant Napa.

1

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Venue is proper before this Court pursuant to 28 U.S.C. §1931 since the subject incident resulting in plaintiff Terry M. Steele's serious injuries and damages occurred within the Southern District of West Virginia in Huntington, Cabell County, West Virginia.

## FACTS

4. At all times relevant, on and before December 11, 2019, plaintiff Terry M. Steele was employed as a mechanic for the City of Huntington. Plaintiff's job duties included repairing, servicing, and maintaining equipment owned and operated by the City of Huntington.

5. At all times relevant, plaintiff worked at the City of Huntington Garage located at 419 2nd Avenue, Huntington, Cabell County, West Virginia 25701.

6. Defendant Napa operated a private store inside the City of Huntington Garage for the purpose of selling, assembling, and providing parts and hoses to the City of Huntington to maintain its fleet of equipment. An employee, agent, and/or representative of Napa was present on location and managed and operated the subject store.

7. Defendant Napa maintained a hose making tool at its store on the subject premises to make and assemble new hoses on site, including hydraulic hoses. When the City of Huntington needed a new hose for a piece of equipment, a City of Huntington employee would take the old hose being replaced to defendant Napa and request a new one. The Napa employee would then make and assemble the new hose to a certain size and strength on site and provide it to the City of Huntington for use. Defendant Napa utilized Gates hoses, fittings, and component parts.

8. The City of Huntington relied on Napa to properly assemble and make hoses for safe use to the proper size and strength with the correct component parts and fittings. Failure to

properly assemble a high-pressure hydraulic hose to the correct size and strength and with the correct component parts and fittings, creates a hazardous unsafe condition and risk of catastrophic failure which will likely result in serious injury or death.

9. On December 11, 2019, plaintiff Terry M. Steele, and his supervisor, James Pelfrey, were working on a large rubber-tired end loader. The hydraulic hose line for the bucket was worn out and needed replaced. Mr. Pelfrey went to defendant Napa's store on site to have a new hydraulic hose made and assembled.

10. Mr. Pelfrey took the old hose that needed replaced to defendant Napa, so the Napa employee knew the correct size and strength to make and assemble the new hose. The Napa employee on site was filling in for the regular Napa employee who typically made and assembled the hoses.

11. The Napa employee made and assembled the hose and provided it to Mr. Pelfrey. Plaintiff and Mr. Pelfrey installed the new hose on the end loader. Plaintiff noticed a leak coming from the hose near one of the fittings. Plaintiff instructed the operator to shut the machine down. Almost immediately after the machine was shut down, the new hose blew up in plaintiff's face as he was inspecting the leak. Plaintiff was thrown backwards into a firetruck that was in the bay. The high-pressure hydraulic fluid hit plaintiff in the face, eyes, and skin resulting in serious, permanent, and disabling injuries, including but not limited to, permanent vision loss and impairment, concussion, migraines and headaches, eye pain, memory/cognitive deficits, and psychological impairment.

12. Post-incident investigation confirmed that defendant Napa's employee improperly assembled the subject hose. The Napa employee utilized the wrong size fitting on the end of the hose that broke loose. Specifically, a half (1/2) inch fitting was used rather than a three-quarter

(3/4) inch fitting. By not using the correct fitting, the subject hose was not able to be crimped properly, which caused the hose to come out of the fitting and blow off, injuring plaintiff. The hose was not inserted far enough into the fitting to be properly crimped due to the incorrect size of the fitting.

13. Upon information and belief, this was not the first occurrence where Napa had improperly assembled a hose for the City of Huntington and the hose failed.

14. As a direct and proximate result of the actions, omissions and conduct of the defendant, on and before December 11, 2019, the plaintiff, Terry M. Steele, sustained the serious, severe, and permanently disabling injuries described herein and further sustained the following past and future damages:

    a. extreme physical pain and suffering;

    b. extreme mental anguish and suffering;

    c. permanent physical impairment;

    d. permanent psychological impairment;

    e. loss of wages and benefits;

    f. loss of future earning capacity and benefits;

    g. loss of capacity to enjoy life;

    h. medical expenses past and future;

    i. annoyance and inconvenience; and

    j. other damages, as allowed by law.

## COUNT I
## NEGLIGENCE
## DEFENDANT GENUINE PARTS COMPANY d/b/a NAPA AUTO PARTS

15. The plaintiff repeats and incorporates here by reference the allegations contained in paragraphs 1 through 14 of this Complaint as if set forth herein verbatim.

16. As the entity that assembled the subject hose which ultimately failed and injured the plaintiff, and through its relationship with the City of Huntington and responsibility and duty to have adequately trained employees and/or agents properly assemble such hoses for safe use, defendant Napa owed to plaintiff Terry M. Steele, as an employee of the City of Huntington, a duty of reasonable care to provide a properly assembled hose, including fittings and component parts, of the proper size and strength for use in compliance with all applicable industry standards; and to provide for the exercise of ordinary care for the safety of all persons on the subject premises utilizing and/or working near the subject hose. Defendant Napa has a duty of care and responsibility to correct and remedy any hose that is improperly assembled and unsafe to use.

17. Defendant Napa, through its employee(s) and/or agent(s), knew or should have known that it failed to assemble the subject hose in a proper manner for safe use as the wrong size fitting was utilized on the end of the hose. Defendant Napa's employee was provided with the old hose that needed replaced to ensure that the subject new high-pressure hose would be properly assembled to the correct size and strength and for safe use.

18. Defendant Napa, through its employee(s) and/or agent(s), negligently, recklessly, carelessly, willfully and with wanton disregard for the health and safety of others, breached its duty to plaintiff, Terry Steele, through the following actions and/or conduct:

- Failing to ensure that its employee(s) are adequately trained to properly make and assemble high-pressure hoses for safe use;

- Failing to properly assemble the subject high-pressure hose;

- Failing to utilize the correct and proper size component parts and/or fittings when assembling the subject high-pressure hose;

- Providing the subject high-pressure hose to the City of Huntington even though it was not assembled for safe use;

- Assembling and providing the subject high-pressure hose for use that was not in compliance with applicable industry standards; and

- Failing to correct and/or remedy the hazardous and unsafe condition created by the improperly assembled subject high-pressure hose.

19. As a direct and proximate result of defendant Napa's actions and omissions, on and prior to December 11, 2019, the plaintiff sustained the severe permanent injuries and damages described herein.

WHEREFORE, the plaintiff, Terry M. Steele, demands judgment against the defendant, Genuine Parts Company d/b/a Napa Auto Parts, for:

a.) an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

b.) an amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

c.) costs and attorney fees expended in prosecution of this matter;

d.) pre-judgment and post-judgment interest as provided under the law; and

e.) any and all other relief to which the Court deems plaintiff is entitled.

**PLAINTIFF DEMANDS A JURY TRIAL.**

TERRY M. STEELE

By Counsel

*/s/ J.R. Stt*

J. Ryan Stewart (WVSB #10796)
BAILEY JAVINS & CARTER, L.C.
213 Hale Street
Charleston, West Virginia 25301
Phone: (304) 345-0346
Fax: (304) 720-9272
rstewart@bjc4u.com